

**Date Signed:**
**January 23, 2025**

SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>WING SPIRIT INC.,<br><br>Debtor. | Case No.: 20-01383<br>Chapter 7 |
| DANE S. FIELD, as Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>HONDA AIRCRAFT COMPANY, LLC, *et al*.,<br><br>Defendant. | Adv. Pro. No.: 22-90020<br><br>Related: ECF 351 |

### MEMORANDUM DECISION DENYING HONDA DEFENDANTS' MOTION FOR RECONSIDERATION

Honda Aircraft Company, LLC and Honda Aviation Service

Company, Inc. ("Honda Defendants") ask me to reconsider the portion of my order of January 2, 2025 (ECF 347) in which I declined to dismiss part of Count I of the Second Amended Complaint ("SAC"). I will deny the motion.

I held that the SAC sufficiently alleges that Wing Spirit's transfer of four aircraft was a constructive fraudulent transfer. The Honda Defendants are allegedly subsequent transferees of the aircraft from whom the trustee may recover the aircraft or their value, unless the Honda Defendants gave value, acted in good faith, and did not know that Wing Spirit's transfer of the aircraft was avoidable. I held that, based on the allegations of the SAC, Honda Aircraft Company, LLC ("Honda Aircraft") received two transfers of interests in the aircraft. First, it received leasehold rights when it entered into the lease. I held that the trustee cannot plausibly allege that, when Honda Aircraft entered into the lease, Honda Aircraft did not (1) give value, (2) act in good faith, and (3) lack knowledge of the avoidability of the initial transfer. Therefore, I dismissed Count I against the Honda Defendants as to this first transfer. Second, Honda Aircraft received

outright ownership of the aircraft later. I held that, although the trustee cannot plausibly allege that Honda Aircraft failed to give value or act in good faith, the trustee did plausibly allege that, at that date, Honda Aircraft knew that the initial transfer was avoidable.

The Honda Defendants argue that I erred when I separately analyzed the "rights and obligations associated with the possession and use of the leased aircraft" and the "rights and obligations associated with the mandatory payment and title transfer obligations associated with a default" under the lease. They argue that there was only one transaction and that the lease made their subsequent acquisition of title mandatory. This argument is inconsistent with the Bankruptcy Code's expansive definition of a "transfer." A transfer is broadly defined as ". . . each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with (i) property; or (ii) an interest in property. 11 U.S.C. § 101(54). It does not matter that there was only one agreement. Honda Aircraft received interests in the aircraft in two distinct steps: (1) first, it received possession and use rights; and (2) later it received outright

ownership. I will not reconsider my decision to treat the two transfers separately.

The fact that Honda Aircraft was obligated to pay for the aircraft on default does not change the analysis. A transfer is still a "transfer" even if it happens pursuant to a preexisting agreement. The fact that the transfer was made in satisfaction of a prior agreement means that Honda Aircraft gave value for the transfer, but value is only one of three elements, and the Honda Defendants' motion does not even mention, let alone argue, the third element (lack of knowledge of the avoidability of the transfer).

The Honda Defendants also argue that requiring them to defend in this case is unjust and inequitable because they are "the only party to this transaction that fully performed [their] obligations . . . ." But the bankruptcy courts do not have a roving commission to do equity. *United States v. Sutton*, 786 F.2d 1305, 1308 (5th Cir. 1986). Where a plaintiff plausibly alleges a claim under a statute, a court should not dismiss the case because the court or a party feels that the ultimate outcome might be

unfair.[1]

The motion for reconsideration is DENIED.

---

[1] Fairness considerations may come into play if and when it is time to decide upon a remedy for some of the trustee's claims. *See, e.g.*, Haw. Rev. Stat. § 651C-7(a)(3) (providing that, in a state law fraudulent transfer case, the court "may" impose certain remedies "subject to applicable principles of equity . . . ."