

SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>WING SPIRIT INC.,<br><br>               Debtor. | Case No.: 20-01383<br>Chapter 7 |
| DANE S. FIELD, as Chapter 7 Trustee,<br><br>               Plaintiff,<br><br>   vs.<br><br>HONDA AIRCRAFT COMPANY, LLC, *et al*.,<br><br>               Defendant. | Adv. Pro. No.: 22-90020<br><br><br><br>Related: ECF 422 |

## MEMORANDUM DECISION GRANTING SEAN CHU'S MOTION TO DISMISS THIRD PARTY COMPLAINT

    According to the complaint (ECF 246), Wing Spirit Inc. agreed to sell

its aircraft and lease them back. Initially, the entire purchase price was to be paid in cash. But at the last minute, the deal changed, and $10 million of the purchase price was paid in the form of promissory notes. Those notes, however, were and are worthless because the purported maker never existed.

Wing Spirit's bankruptcy trustee has asserted a wide variety of claims against nearly every party that was involved in the sale/leaseback transaction. Among the defendants are Seraph Aviation Management Limited ("Seraph Management") and Eugene O'Reilly, parties who were aligned with the buyer at the time of the transaction.

Seraph Management and Mr. O'Reilly have filed a third-party complaint (ECF 381) against Sean Chu and another individual. Briefly summarized, the third-party complaint alleges that Mr. Chu was a vice-president and an in-house attorney for Wing Spirit during the sale/leaseback transaction, and that Mr. Chu should have discovered that the maker of the notes was nonexistent but failed to do so. (They do not allege that Mr. Chu committed fraud or similarly serious or deliberate

2

misconduct.) Seraph Management and Mr. O'Reilly claim that, if they are held liable to the trustee, then Mr. Chu should be held liable to them on theories of indemnification, contribution, or negligence.

Mr. Chu seeks dismissal of the third-party complaint (ECF 422). I will grant the motion to dismiss.

The negligence claim fails because Mr. Chu did not owe a duty of care to either Seraph Management or Mr. O'Reilly that would support such a claim. Mr. Chu was an attorney for and officer and employee of Wing Spirit. Wing Spirit, on the one hand, and Seraph Management and Mr. O'Reilly, on the other, were effectively on opposite sides of a sophisticated business transaction. Mr. Chu owed duties to Wing Spirit but he did not owe negligence-type duties to either Seraph Management or Mr. O'Reilly.

Seraph Management and Mr. O'Reilly correctly point out that, under Hawaii law, an attorney can owe a duty of care and be liable on a third-party beneficiary theory to a non-client in certain circumstances. *Blair v. Ing*, 95 Haw. 247 (2001). But the facts of this case are not remotely like those of the estate planning situation in *Blair*, and the Hawaii Supreme Court has

U.S. Bankruptcy Court - Hawaii   #22-90020   Dkt # 463   Filed  06/27/25   Page 3 of 5

refused to hold attorneys liable to nonclients in many other contexts. *Hungate v. Law Office of David B. Rosen*, 139 Haw. 394, 413 (2017) (holding that a mortgagor's attorney cannot be held liable to a mortgagee in a foreclosure context for unfair and deceptive trade acts and practices because "in foreclosure actions an attorney's justifiable concern with being sued by the opposing party for UDAP could compromise the attorney's ability to zealously represent his or her client."); *Buscher v. Boning*, 114 Haw. 202, 220 (2007) (holding that the plaintiff's attorney does not owe a duty of care to the defendant based on the attorney's failure to obtain a third party's consent to a settlement). Holding an attorney liable to an adverse party on a negligence theory in the context of a business transaction among sophisticated parties would detract from the duty of loyalty that is at the heart of the attorney-client relationship.

The contribution and indemnification claims fail for similar reasons. To support these claims, Seraph Management and Mr. O'Reilly allege that they "reasonably relied" on Mr. Chu and others to confirm that the maker of the notes existed. (ECF 381 at 18 ¶ 85, 20 ¶ 95.) These allegations are

4

implausible. If a client's adversary could "reasonably rely" on the attorney's work, the attorney would have to consider whether the work was in the adversary's best interest, rather than in the client's best interest.

Even if Seraph Management and Mr. O'Reilly could sustain an equitable indemnity or contribution claim without these allegations, the claim would still fail. Holding Mr. Chu liable to a non-client on these theories would be inconsistent with the bedrock principle that an attorney owes a duty of undivided loyalty to the client.

This is not to say that Mr. Chu's conduct is necessarily irrelevant to this case. If Mr. Chu was careless and his conduct increased Wing Spirit's losses, Wing Spirit's recovery might (or might not) be reduced. I make no ruling on these issues; this order only holds that Mr. Chu has no personal liability to Seraph Management or Mr. O'Reilly.

The motion is GRANTED and the third-party complaint against Mr. Chu is DISMISSED WITH PREJUDICE.

**END OF ORDER**