

SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>WING SPIRIT INC.,<br><br>          Debtor. | Case No.: 20-01383<br>Chapter 7 |
| DANE S. FIELD, as Chapter 7 Trustee,<br><br>          Plaintiff,<br><br>    vs.<br><br>HONDA AIRCRAFT COMPANY, LLC, *et al*.,<br><br>          Defendant. | Adv. Pro. No.: 22-90020<br><br>Related: ECF 423 |

## <u>MEMORANDUM DECISION DENYING EUGENE O'REILLY AND THE SERAPH DEFENDANTS' MOTION TO DISMISS</u>

On May 16, 2025, the court heard argument on the motion (ECF 423)

by Eugene O'Reilly and Seraph Aviation Management ("SAM") to dismiss the crossclaims (ECF 404) filed against them by Douglas Lloyd Brennan and MAS One (MO). David Litterine-Kaufman, Esq., appeared for Mr. O'Reilly and SAM. Kristin Holland, Esq., Richard Crum, Esq., and Maile Osika, Esq., appeared for Mr. Brennan and MO.

Mr. O'Reilly and SAM argue primarily that the court should dismiss Mr. Brennan and MO's claims under Rule 12(b)(6) because they released all of those claims pursuant to a Purchase Agreement.

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a pleading. "Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) . . . . There are two exceptions to this rule: the incorporation by reference doctrine, and judicial notice . . . ." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

In "rare instances," the court can also consider documents that are not identified or described in the pleading, if "the claim necessarily depended on them." *Id.* at 1002. But "if the document merely creates a

defense to the well-pled allegations of the complaint, then that document did not necessarily form the basis of the complaint." *Id*.

The Purchase Agreement is an extrinsic matter that the court may not consider on a motion to dismiss. Mr. O'Reilly and SAM do not contend that the court can take judicial notice of the Purchase Agreement. The Purchase Agreement is not attached to, incorporated by reference in, or even mentioned in the crossclaims. The Purchase Agreement does not "form the basis" of the crossclaim; rather, it is the basis for a defense.

If a motion to dismiss relies on extrinsic materials, the court may convert the motion to dismiss into a motion for summary judgment. *See Portland Retail Druggists Ass'n v. Kaiser Found. Health Plan*, 662 F.2d 641, 645 (9th Cir. 1981) (stating that "[w]hen the district court looks outside the pleadings in evaluating a noticed Rule 12(b)(6) motion, the motion must be converted and treated as one for summary judgment under Rule 56."). But such conversion is discretionary, not mandatory. *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (holding that "[c]ourts of appeal review a district court's conversion of a motion to dismiss to a

motion for summary judgment for an abuse of discretion.")

The arguments based on the Purchase Agreement appear strong on the surface and may well prevail. Nevertheless, at this stage of the litigation, before all pleadings are settled and meaningful discovery has been completed, I decline to exercise my discretion to convert the motion to dismiss to a motion for summary judgment.

Therefore, the motion to dismiss is DENIED.

**END OF ORDER**